IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CRIMINAL NO. <u>15 CR 00214 MV</u> |
| vs. | ) | |
| GERALD J. VIARRIAL, | ) | |
| Defendant. | ) | |

**<u>NOTICE OF INTENTION TO OFFER EXPERT TESTIMONY</u>**

Pursuant to Fed. R. Crim. P. 16(c) and this Honorable Court's standing discovery order, the United States gives notice that it intends to introduce testimony during trial that may arguably be considered expert testimony. The United States submits that all such evidence is relevant to the issues to be tried before the jury in this case. Further, the United States submits that this testimony is admissible evidence under Fed. R. Evid. 702 and 703, and that the witness has "a reliable basis in knowledge and experience" in his professional discipline. As grounds for this notice, the United States demonstrates the following:

1. The United States plans to call Professor Dean A. Hawley, M.D., from the Indiana University School of Medicine. The Government expects that Dr. Hawley will testify regarding the Defendant's strangulation of John Doe 1 (R.V.). More specifically, the United States anticipates that Dr. Hawley will testify that strangulation causing loss of oxygen in the victim (i.e. an inability to breathe) presents a substantial risk of death.

2. A copy of Dr. Healey's curriculum vitae is attached as Govt. Ex. 1. Dr. Hawley's testimony may include his expert opinions and specialized knowledge regarding strangulation that are derived from his education, training, and professional experience as a doctor and leading

academic in the field. His opinion is contained in the report attached as Govt. Ex. 2 which also serves as a rubric and summary for his testimony. The expert testimony and evidence are offered to aid the jury in understanding the complexities and risks associated with strangulation.

3. The United States respectfully requests that the Court exercise its "special gate keeping obligation" and determine that the proposed testimony of Dr. Hawley is admissible since he has "a reliable basis in knowledge and experience" in his discipline. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *accord Dodge v. Cotter Corp.,* 328 F.3d 1212, 1221-22 (10th Cir. 2003)*, cert. denied*, 540 U.S. 1003, 124 S. Ct. 533 (2003).

4. The Court has "broad discretion" to determine the means for assessing an expert's reliability and in making the ultimate determination of reliability. *Dodge,* 328 F.3d at 1222. As the proposed testimony is not atypical testimony regarding matters of medicine and strangulation, the United States respectfully requests that the Court treat this Notice as a proffer on the training and background of this witness and issue an order recognizing the witness as an expert and permitting the introduction of his testimony. Specifically, the United States asks that the Court make a finding, upon hearing testimony, that the testimony of Dr. Hawley "has a reliable basis in the knowledge and experience of [his relevant] discipline." *Id., quoting Kumho Tire,* 526 U.S. at 149. The United States respectfully requests that the Court reserve its "reliability determination" until the United States introduces into evidence the experience and training of the witness at trial.

5. To avoid protracted litigation over Dr. Hawley's credentials and opinions, the United States will make Dr. Hawley available to defense counsel for a pre-trial interview.

WHEREFORE the United States respectfully requests that this Honorable Court find that this witness's proposed testimony has a "reliable basis in the knowledge and experience" of strangulation within the medical context.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed June 25, 2015*
KYLE T. NAYBACK
NOVALINE D. WILSON
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I hereby certify that on June 25, 2015, I filed the foregoing electronically through the CM/ECF system, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*
KYLE T. NAYBACK
Assistant United States Attorney