UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                             Criminal No. 15-214 MV

GERALD VIARRIAL,

      Defendant.

**MOTION TO SUPPRESS EVIDENCE AND MEMORANDUM IN SUPPORT**

    The Defendant GERALD VIARRIAL, by and through his counsel, Todd B. Hotchkiss, who hereby moves this Court, pursuant to Fed. R. Crim. P. 12(b)(3) and 41(e) and the Fourth and Fifth Amendments to the United States Constitution, for an order suppressing the following evidence as inadmissible at trial:

    1. Any and all evidence seized as a result of the search warrant issued on March 31, 2014 to search the alleged effect of Mr. Viarrial, a black safe, which the United States had originally seized during a warrantless search of Mr. Viarrial's residence on March 28, 2014, in violation of Mr. Viarrial's constitutional rights under the Fourth and Fifth Amendments to the United States Constitution to privacy, liberty and security in his effects and to due process of law.

    2. Any and all evidence seized from Mr. Viarrial's alleged

effects pursuant to the government's illegal search of Mr. Viarrial's effects on March 31, 2014 in violation of Mr. Viarrial's constitutional rights to privacy, liberty and security in his alleged effects, and to due process of law.

3. Any and all other evidence, tangible or intangible, resulting from and seized directly or indirectly pursuant to the government's unconstitutional search of and seizure from Mr. Viarrial's effect on March 31, 2014 and thereafter in violation of Mr. Viarrial's constitutional rights under the Fourth and Fifth Amendment to the United States Constitution.

As grounds, Appellant's counsel states as follows:

1. Defendant is charged in a January 21, 2015 7-count indictment with three counts of assault with a dangerous weapon, two counts of abandonment or abuse of a child, one count of brandishing a firearm during and in relation to and in furtherance of a crime of violence, and assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 2, 1153 and 113(a)(3), 18 U.S.C. §§ 13 and 1153 and N.M.S.A. 1978, § 30-6-1(D), 18 U.S.C. § 924(c), and 18 U.S.C. §§ 2, 1153 and 113(a)(6), respectively. (Doc.2)

2. On March 28, 2014, Defendant was arrested for child abuse charges by the Pueblo of Pojoaque Tribal Police Department (PTPD). Later that day, Mr. Viarrial allegedly consented to police searches of his two residences and vehicles at those residences, and allegedly

2

signed two consent to search forms to evidence his consent.

3. Mr. Viarrial was taken by PTPD to one of his residences, a trailer, it was searched and no incriminating evidence was found. PTPD Officer Jon Lopez transported Mr. Viarrial to Mr. Viarrial's second residence. During that transport Mr. Viarrial allegedly told Officer Lopez that his god mother's "45" was within a heater box in the living room of his second residence. Lopez asked if there was anything else in his residence and Mr. Viarrial allegedly indicated that he had a pot pipe in the coffee table in the living room.

4. Upon arrival at the second residence, PTPD searched the residence and found a portable heater box in the living room, and inside of the box was found a black safe. Mr. Viarrial allegedly immediately went between the police officer and the box and stated the contents of the box were religious items and the police could not touch them. PTPD took custody of the safe without searching it.

5. On March 31, 2014, PTPD Lieutenant Eric Johnson was the affiant in a Pueblo of Pojoaque Tribal Court Affidavit for Search Warrant, a copy of which is attached. The Affidavit was to search "A Sentry security fire protected safe, black in color with a key lock on the door of the safe." The Affidavit sought to search the safe for "Firearms, ammunition of unknown caliber, make or models, ammunition of unknown caliber, ammunition loading and storage devices." (Affidavit at 1)

6. Lt. Johnson asserted that through his "training and experience to include working with fellow law enforcement officers and agencies, Affiant has become familiar and knowledgeable with patterns and methods suspect use to commit various types of crimes." (Affidavit at 1)

7. The complete factual basis in the Affidavit for issuance of the search warrant was as follows:

> During the execution of a consent to search of the residence located at #2 Lightning Loop also known as Rt.1 Box 55, on Friday March 28, 2014 within the exterior boundaries of the Pueblo of Pojoaque within Santa Fe County, State of New Mexico. A black Sentry Fire Safe was located in the living room of the above address. When questioned, the owner of the property, Gerald Viarrial stated that the safe contained religious articles and refused to open the safe. The safe was subsequently seized in order to get a Search Warrant to open the safe.
>
> It should be noted that prior to arrival at the house to be searched, the defendant disclosed to Cpl. Jon Lopez that there was a gun in the residence. When questioned Mr. Viarrial said it was in a heater box in the living room. Inside the box is where the black safe was located.
>
> On Monday March 31, 2014 Mr. Viarrial was brought into the Police Station awaiting arraignment. While at the station at approximately 11:35 A.M. he asked to speak with affiant, at that point Mr. Viarrial stated that the safe did in fact contain guns but they belonged to his ex-wife Wanda.
>
> Based on the above provided information

>           affiant prays that probable cause exists for
>           the issuance of a Search Warrant for the
>           Black Sentry Security Safe in order to secure
>           any firearms contained within.
>           (Affidavit at 1-2)

    8. The Affidavit for Search Warrant did not contain any violation of law for which the firearms or ammunition sought in the search was evidence of. There was no violation of law related to the firearm or firearms or ammunition or connected to Mr. Viarrial. Instead, the Affidavit merely sought "to secure any firearms contained within" the safe.

    9. On March 31, 2014, pursuant to the Affidavit for Search Warrant, a Pojoaque Tribal Court Judge issued a Search Warrant and was "satisfied that there is probable cause that the person named or property described in the Affidavit is located where alleged in the Affidavit and I find that grounds exist for the issuance of the Search Warrant." (Search Warrant at 1)

    10. The March 31, 2014 Affidavit for Search Warrant to search the safe contained in the cardboard box which was seized from Mr. Viarrial's residence on March 29, 2014 violated the Fourth Amendment to the United States Constitution because it failed to state probable cause that evidence of contraband or a crime would be found in the safe and was otherwise unreasonable in violation of his constitutional rights under the Fourth and Fifth Amendments to the United States Constitution.

11. Any and all evidence seized by law enforcement agents directly or indirectly resulting from the unconstitutional searches and seizures of Mr. Viarrial's effects in violation of his constitutional rights under the Fourth and Fifth Amendments to the United States Constitution.

12. Defense counsel presumes Assistant United States Attorneys Kyle Nayback and Nicole Novaline Wilson oppose this motion.

**MEMORANDUM OF LAW**

### I. A Substantial Basis for Probable Cause Did Not Exist In the Affidavit for Search Warrant.

The Fourth Amendment to the United States Constitution requires that "no Warrants shall issue, but upon probable cause, supported by Oath and affirmation." This Court must determine whether the issuing magistrate had a "substantial basis" for finding probable cause:

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.
>
> Illinois v. Gates, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

"Only the probability, and not a prima facie showing, or criminal activity is the standard of probable cause." Illinois v.

Gates, 462 U.S. at 235. "The test is whether the facts presented in the affidavit would 'warrant a man of reasonable caution' to believe that evidence of a crime will be found at the place to be searched." United States v. Nolan, 199 F.3d 1180, 1182-83 (10th Cir 1999)(quoting Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983)).

The Affidavit for Search Warrant contained no basis to believe contraband or evidence of a crime was contained within the safe. The Affidavit did not allege any firearms or ammunition allegedly in the safe were contraband or evidence of a crime. This Court's review of the Affidavit for probable cause to believe a crime was committed or the evidence sought was connected to criminal activity is limited to the four corners of the Affidavit under the "four corners doctrine". Hackney, Ink v. McLaughlin, 895 P.2d 1298, 1299-1300 (10th Cir.1990). There was no allegation of any contraband in the Affidavit. The word "contraband" does not appear. There was no allegation of any criminal activity in the Affidavit. There was no allegation of any criminal activity which the alleged firearms or ammunition was connected to. When there was no basis, there was not a substantial basis.

For the foregoing reasons, probable cause did not exist within the four corners of the Affidavit for Search Warrant or the Search Warrant that Mr. Viarrial committed a crime or that the firearms or

7

ammunition allegedly within the safe were evidence of a crime in violation of Mr. Viarrial's rights under the Fourth and Fifth Amendment to the United States Constitution.

> **II. The Fruit of the Poisoned Tree Doctrine Requires Suppression of All Fruit of the Poisoned Execution Of the Search Warrant.**

If this Court rules the search warrant was invalid, the evidence of Mr. Viarrial having been involved with Wanda Quintana in the purchase of four firearms was fruit of the poisoned tree.

Mr. Viarrial had standing to challenge the search of the safe found in his residence. There is no separate standing requirement regarding the evidence which constitutes the fruit of that poisonous tree. United States v. Olivares-Rangel, 458 F.3d 1104, 1117 (10th Cir. 2006).

The question is "whether, granting establishment of the primary illegality, the evidence to which the instant objection is made has come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." U.S. v. Olivares-Rangel, 458 F.3d at 1119 (quoting United States v. King, 990 F.2d 1552, 1563 (10th Cir. 1993)(quoting Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407 (1963)).

The United States sought and executed a search warrant on the safe which government agents had seized from Mr. Viarrial's residence. After unconstitutionally searching the safe with the

8

warrant, thereafter, agents exploited the illegality and used information from the firearms found therein to conduct an investigation of Mr. Viarrial.  That subsequent investigation based on the four firearms was fruit of the poisoned tree, and all such evidence from the investigation, must be suppressed as fruit of the poisonousness tree. *See* Simpson v. United States, 346 F.2d 291, 294 (10th Cir. 1965).

Any fruit of the poisoned search, including any and all subsequent investigation into the firearms and ammunition found inside the safe, is poisoned and tainted without any purging of the taint, and should be suppressed under the Fourth and Fifth Amendments to the U.S. Constitution.

WHEREFORE, Defendant GERALD VIARRIAL, respectfully requests this Court grant this motion and enter an order suppressing the evidence as requested herein, and for any and all other relief this Court deems just and proper.

                              Respectfully submitted,

                              */s/ Todd B. Hotchkiss*
                              TODD B. HOTCHKISS
                              ATTORNEY AT LAW LLC
                              Attorney for GERALD VIARRIAL
                              610 Gold Street S.W., Suite 228
                              Albuquerque, New Mexico 87102
                              Tele. (505) 243-6776
                              E-mail: Todd@toddhotchkisslaw.com

**CERTIFICATE OF SERVICE**

    I, Todd B. Hotchkiss, hereby certify that on June 29, 2015 a true and accurate copy of the foregoing motion was served via the Court's CM/ECF system to opposing counsel, Assistant U.S. Attorneys Kyle Nayback and Novaline Wilson.

                                  */s/ Todd B. Hotchkiss*
                                  TODD B. HOTCHKISS