IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CR. No. 15-214 MV |
| vs. | ) | |
| **GERALD JAMES VIARRIAL**, | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION *IN LIMINE*

The United States respectfully requests that this Honorable Court issue an order prohibiting Defendant Gerald James Viarrial, his counsel, and any defense witnesses from asking any question, introducing any evidence, or making any statement regarding the subsequently enumerated matters while the jury is present. There are a variety of matters at issue in the case at bar due in large part to its relative complexity; this case arises from two separate incidents that occurred between the Defendant and family members. On or about August 1, 2010, it is alleged that the Defendant was in the process of threatening certain family members, including Jane Doe, John Doe 1 and John Doe 2, with death or bodily injury related to misplacement of his truck's keys when he ordered them to form a line facing away from him. He then brandished his gun at their backs and reiterated that he was going to kill them. The second incident concerns events on March 24, 2014, wherein the Defendant allegedly retaliated against John Doe 1 for reporting his abuse by strangling and threatening to kill him. Specifically, the Defendant "grabbed John Doe 1 by the throat, pushed him against the wall and started choking him," nearly causing John Doe 1 to lose consciousness while telling his other children that reporting his actions would give the Defendant license to shoot all of them "instead of just one." All told, these events have resulted

in multiple counts of Assault with a Dangerous Weapon, Assault Resulting in Serious Bodily Injury, Abandonment or Abuse of a child, and Using, Carrying, Possessing and Brandishing a Firearm During and in Relation to a Crime of Violence. The case is now awaiting trial and the United States respectfully requests that the following issues be precluded from introduction:

1. <u>Allegations of Government Misconduct</u>: The United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding allegations of government misconduct or constitutional violations.

Defendant should not be allowed to present allegations of government misconduct, constitutional violations, or any other inflammatory issues to the jury because, *inter alia*, the probative value of such allegations would be substantially outweighed by the prejudice and jury confusion that such allegations would create. Fed. R. Evid. 401, 402 and 403.

Moreover, such allegations, if allowed before the jury, would run the risk of creating a mini-trial about the scope the Defendant's statement, which is a question of law that the jury should and will be wholly unaware of, absent Defendant raising them. For this reason, evidence, testimony, questions, and argument regarding such allegations should be excluded.

2. <u>Pre-Trial Rulings</u>: Similarly, and for some of the same reasons, this Court should preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the contents of, or rulings on, any motions filed by either Defendant or the government pretrial. Fed. R. Evid. 401, 402 and 403.

3. <u>Plea Negotiations</u>: The United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that

may or may not have taken place, as such matters are not proper concerns for the jury. Fed. R. Evid. 401, 402 and 403; *see also generally* Fed. R. Evid. 410.

    4.    <u>Offers to Stipulate</u>:  The United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant volunteering, offering, or in any manner agreeing to stipulate to certain facts unless some agreement between all parties with approval of the Court has been arranged concerning a stipulation. Fed. R. Evid. 401, 402 and 403; *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) ("It is 'unquestionably true as a general matter,' that 'the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." (*quoting Old Chief v. United States*, 519 U.S. 172, 186-87 (1997)).

    5.    <u>Information Known Only to Defendant</u>:  The United States moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding any information or facts which could only otherwise come to the jury's attention through the sworn testimony of Defendant, unless Defendant's counsel informs the Court that Defendant will, in fact, testify.

    6.    <u>Administrative Discipline</u>:  The United States moves this Court to preclude Defendant and his counsel from engaging in any attempt to impeach any witness with prior administrative disciplinary findings unless and until the Court has an opportunity to review such evidence to determine its admissibility. Fed. R. Evid. 608(b) allows for evidence of specific instances of conduct to be inquired into on cross-examination if probative of truthfulness or untruthfulness at the discretion of the Court. The United States asks that Defendant's counsel

approach the bench before delving into such evidence, thereby allowing the Court to make the appropriate determination on admissibility.

7. <u>Defense Exhibits</u>: The United States also moves this Court to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding defense exhibits that have not previously been supplied to counsel for the United States. Federal Rule of Criminal Procedure 16(d)(2) provides in pertinent part:

> If a party fails to comply with this rule, the court may ... prohibit that party from introducing the undisclosed evidence; or enter any other order that is just under the circumstances.

Under both Rule 16 and the Discovery Order in this case (Doc. 11), Defendant is required to provide reciprocal discovery to the government. To date, no reciprocal discovery has been received by the United States.

8. <u>Defendant's Health</u>: This Court should act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's mental or physical health, including, without limitation past or current diseases, traumas, illnesses, attacks, and medical or psychological conditions. *See* Fed. R. Evid. 401, 402 and 403.

9. <u>Expert Testimony</u>: Finally, this Court should act to preclude Defendant and his counsel from seeking to call an expert witness or from offering any expert testimony. The Court's deadline for filing witness lists (November 23, 2015) has passed. Doc. 32. Given the nature of the charges and the complexity of the case, in addition to the breadth of evidence against Defendant, allowing Defendant to call or add an eleventh-hour expert would unfairly prejudice the United States.

Accordingly, the United States respectfully moves this Court to grant the United States' motion and to order Defendant, his counsel, and all defense witnesses to refrain from asking any question, introducing any evidence, or making any statement or argument that, either directly or indirectly, implicates the forgoing while the jury is present. The United States further requests that this Court instruct Defendant's counsel to inform any potential witnesses of this Court's Order—and the prohibitions included therein—prior to trial.

Respectfully submitted,

DAMON P. MARTINEZ
United States Attorney

*Electronically filed on November 24, 2015*
KYLE T. NAYBACK
NOVALINE D. WILSON
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 224-1419

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system,
which caused counsel of record to be served by
electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on November 24, 2015.

\_\_\_\_\_/s/_____
KYLE T. NAYBACK
Assistant United States Attorney